UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-60017-CIV-COOKE/BROWN

ANTHONY TAFARELLA, CHARLES
ASHMORE, CHARLES WEINER, on
behalf of themselves and others similarly
situated,

    Plaintiffs,

vs.

HOLLYWOOD GREYHOUND TRACK, INC.,
a Florida corporation,

    Defendant.
_____/

## ODER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss (DE 7), filed January 31, 2007.  The Court having reviewed the Motion finds, for the reasons set forth below, that it should be denied.

**I.**    **BACKGROUND**

Plaintiffs Anthony Tafarella, Charles Ashmore, and Charles Weiner ("Plaintiffs") brought this action to recover compensation allegedly owed to them under the Fair Labor Standards Act ("FLSA").  Plaintiffs allege that they were employed by Defendant Hollywood Greyhound Track, Inc. ("Defendant" or "Hollywood") as casino dealers.  Plaintiffs aver that while employed by the Defendant they were "tipped" employees under the FLSA.  Plaintiffs allege that the Defendant claimed a tip credit for their wages and consequently paid them below the statutorily required minimum wage.  Plaintiffs, however, aver that the alleged tip credit was improper because they

were required to disburse 10% of their tips to the Defendant's floor managers — who were not "tipped" employees under the FLSA. As a result, Plaintiffs allege that they were improperly compensated under the FLSA. Plaintiffs seek to recoup back wages, liquidated damages, and attorneys fees and costs.

## II. MOTION TO DISMISS STANDARD

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)). See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993). However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

## III. ANALYSIS

At the outset, the Court notes that the Defendant's Motion fails to comply with this Court's Local Rules. Pursuant to Southern District of Florida Local Rule 7.1 "[e]very motion when filed shall include or be accompanied by a memorandum of law citing supporting

authorities." S.D.L.R. 7.1.  In the case at bar, the Defendant's Motion to Dismiss is not accompanied by a memorandum of law citing supporting authorities.  Thus, the Motion is improper and may be denied as such.  Nevertheless, the Court will consider the merits of the Motion.  Defense Counsel, however, is advised that if he fails to comply with this Court's Local Rules in the future the Court will immediately impose sanctions including denial of the subject motion.

In its Motion, the Defendant raises the sole argument that it is not the proper Defendant to this action.  Specifically, Defendant contends that it was not the Plaintiffs' employer and that it never compensated the Plaintiffs under the FLSA.  To support this position, the Defendant presented an Affidavit from Daniel K. Adkins the purported Vice President of Hollywood Greyhound Track, Inc.  However, this factual argument is improper at the motion to dismiss phase.  As previously discussed, "when considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim."  Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)).  Thus, for purposes of Defendant's Motion to Dismiss the Court must accept as true Plaintiffs' allegation that Defendant Hollywood Greyhound Track, Inc. was their employer during the relevant time period.  Furthermore, it would be improper for the Court to consider Mr. Adkins' Affidavit, at the motion to dismiss phase, as it falls outside of the four corners of the Complaint.  See Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  Therefore, the Court finds that the Plaintiffs have adequately stated a claim for relief under the FLSA.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of April, 2007.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*