07-60017.ord

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60017-CIV-COOKE-BROWN

ANTHONY TAFARELLA, CHARLES ASHMORE,
CHARLES WEINER, on behalf of themselves and
all others similarly situated,

      Plaintiffs

v.

HOLLYWOOD GREYHOUND TRACK, INC.,
a Florida corporation, HARTMAN & TYNER, INC.,
a Florida corporation, INVESTMENT CORPORATION
OF SOUTH FLORIDA, a Florida corporation, and
DANIEL K. ADKINS, individually

      Defendants.

_____/

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION TO PROCEED AS COLLECTIVE ACTION

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Proceed as Collective Action

Against Defendants, filed February 28, 2007. The Court has considered the motion, the response

and reply thereto, and all pertinent materials in the file.

### I. BACKGROUND

Plaintiffs, Anthony Tafarella, Charles Ashmore, and Charles Weiner ("Plaintiffs") on

behalf of themselves and all other similarly situated employees of Defendants brought this

action to recover compensation allegedly owed to them under the Fair Labor Standards Act

("FLSA"). Plaintiffs allege that they were employed by Defendants, Hollywood Greyhound

Track, Inc., ("Track"), Hartman & Tyner, Inc., ("H & T"), and Investment Corporation of South

Florida, ("ICSF") as casino dealers. Plaintiffs further allege that Defendant Adkins acted on

behalf of Defendants H&T, Track, and ICSF and is also an "employer" under the FLSA.

Plaintiffs aver that while employed by Defendants they were "tipped" employees under the

FLSA, that Defendants claimed a tip credit for their wages and that consequently, Defendants

paid them below the statutorily required minimum wage. Plaintiffs further allege that the tip

credit was improper and in violation of the FLSA because they were required to disburse 10% of

their tips to Defendants' floor managers--who are not "tipped" employees under the FLSA. As a

result, Plaintiffs allege that they were improperly compensated under the FLSA. Plaintiffs are

seeking to recover back wages, liquidated damages, and attorney's fees and costs.

Plaintiffs filed the instant Motion to Proceed as Collective Action on February 28, 2007

(DE 10). Plaintiffs' motion seeks permission to proceed on behalf of themselves and all those

similarly situated as collective action against defendants under 29 U.S.C. §216(b) (1996).

Defendant Track filed a Response to the motion on March 14, 2007 (DE 11) to which Plaintiffs

filed a reply on March 21, 2007 (DE 15). On April 16, 2007, Plaintiffs filed an Amended

Complaint (DE 21), naming Track, H&T, ICSF and Atkins as defendants. On June 20, 2007,

this Court entered an Agreed Order of Hearing Re: Motion to Proceed as Collective Action.

This order required Defendants to respond to the Plaintiffs' Amended Complaint on or before

July 16, 2007 and also provide additional arguments, if any, to Defendant Track's Response in

Opposition to Plaintiffs' Motion to Proceed as Collective Action (DE 11). The time granted for

Defendants to present arguments in opposition to Plaintiffs' Motion to Proceed as Collective

-2-

Action has now elapsed and each Defendant has had the opportunity to file a response to
Plaintiffs' Amended Complaint.

## II. ANALYSIS

29 U.S.C. §216(b) of the Fair Labor Standards Act states, in relevant part:

> An action to recover may be maintained against any employer
> (including a public agency) in any Federal or State court of
> competent jurisdiction by any one or more employees for and in
> behalf of himself or themselves and other employees similarly
> situated.

29 U.S.C. §216(b) (1996). The right to proceed on behalf of other employees is not automatic,

however, but must be approved by the court. Id at 1219; Brooks v. BellSouth Telecomm's, Inc.,

164 F.R.D. 561 (N.D. Ala. 1995), aff'd 114 F.3d 1202 (11th Cir. 1997) (stating that, "the broad

remedial purposes of the FLSA are best served if the district court is found to have the authority

and discretion to give notice to other potential class members to 'opt in' to plaintiff's class.").

Further, "the decision to create an opt-in class under §216(b), like the decision on class

certification under Rule 23, remains soundly within the discretion of the district court. Hipp v.

Liberty National Life Insurance Co., 252 F.3d 1208, 1219. Plaintiffs wishing to proceed

collectively under the FLSA must utilize the opt-in class mechanism provided in 29 U.S.C.

§216(b) rather than the opt-out class procedure provided in Fed. R. Civ. P. 23. A putative

plaintiff in a FLSA Collective Action must affirmatively opt into the action by filing a written

consent with the court. Id. The statute of limitations continues to run until written consent has

been filed with the court. 29 U.S.C. §256.

Plaintiffs, in their Memorandum of Law accompanying their Motion to Proceed as

Collective Action (DE 10), encourage this Court to adopt the two-tiered approach outlined by

-3-

the 11th Circuit Court of Appeals in <u>Hipp v. Liberty National Life Insurance Co.</u>, 252 F.3d 1208

(11th Cir. 2001), whereby this Court would conditionally certify the opt-in class, subject to

decertification upon motion by Defendants after discovery has been substantially completed. <u>Id</u>.

The Fifth Circuit Court of Appeals described the two tiered process as follows:

> The first determination is made at the so-called "notice stage." At
> the notice stage, the district court makes a decision--usually based
> only on the pleadings and any affidavits which have been
> submitted--whether notice of the action should be given to
> potential class members.
> Because the court has minimal evidence, this determination is
> made using a fairly lenient standard, and typically results in a
> "conditional certification" of a representative class.  If the district
> court "conditionally certifies" the class, putative class members
> are given notice and the opportunity to "opt-in."  The action
> proceeds as a representative action throughout discovery.
> The second determination is typically precipitated by a motion for
> "decertification" by the defendant...If the claimants are similarly
> situated, the district court allows the representative action to
> proceed to trial.  If the claimants are not similarly situated, the
> district court decertifies the class, and the opt-in plaintiffs are
> dismissed without prejudice.

<u>Hipp</u>, at 1218 (quoting <u>Mooney v. Aranco Serv. Co.</u>, 54 F.3d 1207 (5th Cir. 1995)). Plaintiffs

suggest that the Court should grant its motion under this two-tiered approach on the grounds that

Defendants will not be prejudiced by this decision and Plaintiffs will be prejudiced by any delay

in granting certification.  This Court finds that Plaintiffs would be substantially prejudiced by

the continued running of the statute of limitations absent conditional certification to allow

Plaintiffs to provide notice to the putative Plaintiff class.  Further, Defendants will not be

prejudiced by conditional granting of Plaintiffs' Motion to Proceed as Collective Action as they

will have an opportunity to move for decertification.

Defendant Track, in its Memorandum in Opposition (DE 11), presents four arguments as to why Plaintiffs' Motion should be denied. First, Defendant Track argues that the Court should not make a ruling on Certification until having ruled on Defendant's Motion to Dismiss (DE 7). This argument is now moot as Defendant's Motion to Dismiss (DE 7) was denied and all Defendants have had the opportunity to file an Answer and Affirmative Defenses (DE 25, 42, 43, 44) to Plaintiffs' Amended Complaint (DE 21). Second, Defendant Track asserts that this is a case of mistaken identity and that it is not now and never was Plaintiffs' employer. Whether this truly is a case of mistaken identity, the Court, at this time, does not find it necessary to make this determination as it is not necessary to the determination of whether Plaintiffs should be permitted to proceed as a collective action.

Third, Defendant Track asserts that Plaintiffs have not met their burden of demonstrating a reasonable basis for their claim of class wide failure to pay minimum wage. At the "notice stage" of FLSA opt-in class certification, the Plaintiffs bears the burden of demonstrating that they are similarly situated to putative plaintiffs of the opt-in class they seek to represent. The 11th Circuit has held that "the similarly situated requirement of §216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." Grayson v. K Mart Corp., 79 F.3d 1086 (11th Cir. 1996). Plaintiffs' proposed class is defined as "all tipped employees where a tip-credit was claimed during the last three years." (DE 15). For purposes of opt-in class certification, "plaintiffs need show only that their positions are similar, not identical to the positions held by putative class members." Id. at 1096. The rationale underlying this more elastic standard stems in part from the two-tiered nature of the certification process, and, in turn,

the fact that conditional certification often occurs before substantial discovery is available to strictly scrutinize the proposed class.

Although the standard for opt-in class certification is relatively elastic, it is not so malleable that any proposed class of employees passes muster. In order to satisfy the "similarly situated" requirement at the notice stage, the Court must be satisfied, based on the pleadings and any affidavits, that the proposed class is similarly situated with respect to their jobs requirements and pay provisions. Dybach v. Florida Dept. Of Corrections, 942 F.2d 1562 (11th Cir. 1991). Applying this standard, this Court finds the proposed opt-in class, as defined in Plaintiffs' Reply to Defendant's Memorandum in Opposition (DE 15) too broad with respect to the apparent job requirements and pay provisions of the proposed class, and accepts Plaintiff's invitation to narrow the defined class to include "all casino dealers where a tip-credit was claimed who were required to disburse a portion of tips to non tipped employees." (DE 15 ¶ 11).

Defendant Track's final argument is that Plaintiffs should not be permitted to pursue a collective action against Defendants who are not present and have not had the opportunity to defend against Plaintiffs' motion. This argument has been mooted by this Court's Agreed Order on Notice of Hearing entered June 20, 2007 (DE 36), which granted Defendants H&T, ICSF, and Adkins until July 16, 2007 to respond to Plaintiff's Motion to Proceed as Collective Action. All named Defendants have now filed Answers and Affirmative Defenses to Plaintiffs' Amended Complaint.

With regards to Plaintiffs' request that this Court adopt the "Consent Notice to Become Party Plaintiff," labeled Exhibit A (DE 10-1), that request is **DENIED**. The principle difference between a Rule 23 class action and a 29 U.S.C. §216 collective action is that a similarly situated

employee must "opt-in" to be bound by a judgment in a 29 U.S.C. §216 action.

Correspondingly, 29 U.S.C. §216 does not provide for mandatory notice to similarly situated

employees. Price v. Maryland Casualty Co., 561 F.2d 609 (5th Cir. 1977); Dolan v. Project

Constr. Corp., 725 F.2d 1263, 1266 (10th Cir. 1984).

A Consent Notice for a 29 U.S.C. §216 collective action must be informative, neutral,

and make clear that prospective plaintiffs are free to select their own counsel and that they will

be bound by the judgment should they sign the consent form. See, 67 A.L.R. Fed.282, 2b;

Johnson v. American Airlines, Inc., 531 F. Supp. 957 (D. Tex. 1982). This Court finds that

Plaintiffs' proposed Consent Notice has failed to satisfy nearly all of these requirements. Most

notably, Plaintiffs' proposed Consent Notice fails to inform putative Plaintiffs that they are free

to select their own counsel. In order to expedite this matter, this Court orders that Plaintiffs

shall file an amended Consent Notice, to conform to the aforementioned requirements, within

ten (10) days of this order. Specifically, Plaintiffs' Consent Notice shall be amended to (1) set

forth the class composition as defined above, (2) set forth the description of the lawsuit in a

neutral, accessible, and informative way, and (3) inform putative Plaintiffs of their right to retain

legal counsel of their choice.

With regards to Plaintiffs' request that Defendants be ordered to disclose the names and

last known mailing address of all present and former "tipped" employees where a tip credit was

claimed from the past three years from the filing of the initial complaint, that request is

**GRANTED** only as to the class this Court previously defined, that is, "all casino dealers where

a tip-credit was claimed who were required to disburse a portion of tips to non tipped

employees." Defendants shall provide the names and last known mailing addresses of these individuals to Plaintiffs within ten (10) days from the date of this order.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed as Collective Action is **GRANTED** only as to the class defined above.  Plaintiffs' request that this Court adopt the "Consent Notice to Become Party Plaintiff" labeled Exhibit A (DE 10-1) is **DENIED**. Plaintiffs shall file an amended Consent Notice within ten (10) days of this order. Finally, Plaintiffs' request that Defendants be ordered to disclose the names and last known mailing addresses of all putative class members is **GRANTED** as to the class defined above.  Defendants shall provide this information within ten (10) days of this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of July, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:     Honorable Marcia G. Cooke
        Counsel of record

-8-